IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOTT ANTHONY MARSH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-CV-2856 |
| | : | |
| **SUNOCO, INC.** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                                                               July 24, 2008

       Plaintiff Lott Anthony Marsh ("Plaintiff") brings this action against Defendant Sunoco, Inc. ("Defendant" or "Sunoco") alleging racial discrimination in violation of 42 U.S.C. §§ 2000(e), et seq. ("Title VII") and 43 Pa. Const. Stat. §§ 951, et seq. ("PHRA").[1] Now before the Court is Sunoco's Motion for Summary Judgment. For the reasons that follow, the Motion will be granted in part and denied in part.

**I.**     **Background**

       Plaintiff, an African-American male, is employed by Sunoco as an electrical and instrumentation technician. See Declaration of Lott Anthony Marsh, at ¶¶ 1-3. He joined the electrical and instrumentation ("E&I") unit after successfully completing Sunoco's apprenticeship program. See Deposition of Lott Anthony Marsh ("Marsh Dep.") at 45-46. The E&I unit has twelve employees, including electricians and instrumentation technicians. Id. at 127-28. Plaintiff works as an electrician, while his colleagues, Oscar Gonzalez and Paul Duffy,

---

[1]     Plaintiff also brought claims for retaliation in violation of Title VII and the PHRA, and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. On December 6, 2006, the Court granted in part and denied in part Defendant's Motion to Dismiss the Complaint. Accordingly, the only remaining claim is Plaintiff's race discrimination claim.

Jr., who completed the apprenticeship program at the same time as Plaintiff, are instrumentation technicians.  Gonzalez is a Hispanic male, and Duffy is a white male.  Id. at 39-40.

Plaintiff alleges that although all apprentices enrolled at Sunoco's E&I apprenticeship program were entitled to receive the same training, he received less than his co-apprentices, Gonzalez and Duffy.  Id. at 43-44.  Plaintiff further alleges that he was deprived of opportunities to work overtime, while Gonzalez and Duffy were provided such opportunities.  Id. at 73-74.

## II.     Legal Standard

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## III.    Discussion

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Claims arising under the PHRA are governed by the same

legal standard, and therefore the Court's conclusions with respect to Plaintiff's Title VII claim will apply equally to his PHRA claim.  See Lepore v. Lanvision Sys. Inc., 113 Fed. Appx. 449, 452 (3d Cir. 2004).  In reviewing Plaintiff's discrimination claim, the Court must apply the McDonnell Douglas burden-shifting analysis.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.1994).

Plaintiff must first make out a prima facie case of discrimination.  See Bartholomew v. St. Luke's Hosp., Allentown Campus, 2003 WL 21250561, at *3 (E.D. Pa. Apr. 29, 2003) (citations omitted).  If Plaintiff is successful, the burden shifts to the employer to present a legitimate, non-discriminatory reason for the employment action at issue.  See Fuentes, 32 F.3d at 763.  If the employer meets this "relatively light" burden, the burden rebounds to Plaintiff, who must then present evidence that the proffered reason is pretextual.  Id.  A plaintiff may establish pretext directly, by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly, by showing that the employer's proffered reason is unworthy of credence.  See Johnson v. Keebler-Sunshine Biscuits, Inc., 214 Fed. Appx. 239, 242 (3d Cir. 2007); Kimble v. Morgan Props., 241 Fed. Appx. 895, 898 (3d Cir. 2007).

**1.      Prima Facie Case**

To establish a prima facie case for racial discrimination under Title VII or the PHRA, Plaintiff must prove that (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated persons outside of Plaintiff's protected class were treated more favorably or the circumstances of the adverse employment action give rise to an inference of discrimination.  Jones v. School Dist. of Phila., 198 F.3d 403, 410-411 (3d Cir. 1999); Kimble, 2005 WL 2847266, at *2.  An adverse

employment action within the meaning of the statute means an action by an employer that alters the employee's compensation, terms, conditions, or privileges of employment. See Moore v. City of Phila., 461 F.3d 331, 341 (3d Cir. 2006).

It is undisputed that Plaintiff has satisfied the first two prongs of the prima facie case. As an African-American, Plaintiff is a member of a protected class. Miller v. Delaware Probation and Parole, 41 Fed. Appx. 581, 583 (3d Cir. 2002). Moreover, there is no question that Plaintiff was qualified for his position and performed well. Sunoco argues, however, that Plaintiff cannot establish that he suffered an adverse employment action or that such action occurred under circumstances giving rise to an inference of unlawful discrimination.

It is well-established that a denial of overtime opportunities may constitute an adverse employment action under Title VII. See Albright v. City of Phila., 399 F. Supp. 2d 575, 587-88 (E.D. Pa. Oct. 28, 2005); Whitmire v. Kvaerner Phila. Shipyard, Inc., 2007 WL 1866773, at *3 (E.D. Pa. June 27, 2007); Rivers v. Potter, 2007 WL 4440880, at *6 (D.N.J. Dec. 18, 2007). Similarly, denial of training opportunities, if necessary for career advancement, may constitute an adverse employment action. See Albright, 399 F. Supp. 2d at 588; Pajic v. Cigna Corp., 1990 WL 191939, at *9 (E.D. Pa. Nov. 30, 1990). Thus, viewing the facts in a light favorable to Plaintiff, the Court finds that he has satisfied the third prong of the prima facie case.

With regard to the fourth prong, Plaintiff argues that Gonzalez and Duffy received more training in instrumentation, including the opportunity to work with different types of instrumentation equipment and to be mentored by technicians. Marsh Dep. at 45-46. Sunoco responds that it offers training based on a number of factors, including the employee's area of specialization, training needs, and readiness to perform tasks, and contends that Gonzalez and

Duffy are not "similarly situated" because they are instrumentation technicians, not electricians. See Motion for Summary Judgment, at 10.

The question of whether Gonzalez and Duffy were similarly situated is a fact-intensive inquiry to be resolved by the fact-finder. See Monaco v. Am. General Assur. Co., 359 F.3d 296, 306 -307 (3d Cir. 2004) ("[A] determination of whether an individual can satisfy the 'similarly situated' requirement triggers a fact-intensive inquiry based on a whole constellation of factors facing that individual employee"); Williams v. Home Depot U.S.A., Inc., 2005 WL 2429421, at *9 (S.D.N.Y. Sept. 30, 2005) ("Unless it is clear that no reasonable jury could find the similarly situated prong met, whether two employees are similarly situated is a factual issue that should be submitted to the jury."). Accordingly, the Court cannot grant Sunoco's Motion for Summary Judgment on the ground that Plaintiff has failed to establish a prima facie case.

**2.     Burden-Shifting Analysis**

If the jury finds that Gonzalez and Duffy were similarly situated to Plaintiff, the burden of production shifts to Sunoco to articulate a legitimate, non-discriminatory reason for its conduct. See Fuentes, 32 F.3d at 763.

**a. Overtime**

Sunoco contends that it assigned overtime to Plaintiff and other employees based on the company's established rotation system. See Deposition of Jacob Scutzlas ("Scutzlas Dep."), at 18, 27; Deposition of Suzanne Phillips ("Phillips Dep."), at 9-11. Plaintiff has asserted only one occasion when he was denied an overtime opportunity. His supervisor, Jacob Scutzlas, refused to allow him to participate in a task requiring use of "high-reach" equipment with another employee,

citing safety reasons.  See Scutzlas Dep. at 18-20.  Plaintiff acknowledged during his deposition that the high reach equipment had a manufacturer's weight limit of 500 pounds, and that his weight of approximately 349 pounds barred him from use of the equipment.  See Marsh Dep. at 67.

The reason provided by Defendant for its decision not to permit Plaintiff to work with high reach equipment constitutes a legitimate, non-discriminatory rationale.  Having offered a lawful explanation for its actions, the burden of production shifts to Plaintiff to demonstrate that the proffered reason was pretextual and unworthy of credence.   Plaintiff may do so by adducing evidence from which a reasonable fact finder could either disbelieve Defendant's articulated reasoning, or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the action.  See Fuentes, 32 F.3d at 763 ("[The] plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence' and hence infer that the employer did not act for [the asserted] non-discriminatory reasons."); Silver v. Am. Inst. of Certified Pub. Accountants, 212 Fed. Appx. 82, 85 (3d Cir. 2006).  Plaintiff has not met this burden.  He has acknowledged that Sunoco had legitimate, safety-related reasons for depriving him of the opportunity to work overtime, and has failed to offer any evidence that would permit a reasonable fact finder to conclude that the proffered reason is unworthy of credence.  Moreover, when asked about other instances of denial of overtime, Plaintiff could not recall any.  See Marsh Dep. at 73.  In the absence of evidence that a discriminatory reason was more likely than not the motivating cause of Defendant's action, Plaintiff's claim regarding denial of overtime must fail.  See King v.

Cape May County Bd. of Freeholders, 2007 WL 2300785, at *3 (D.N.J. Aug. 8, 2007) ("[I]n a summary judgment motion the Court does not have to credit bald statements unsubstantiated by at least circumstantial evidence."); Ware v. Potter, 106 Fed. Appx. 829, 832 (4th Cir. 2004) ("[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment.").

### b. Denial of Training

Sunoco asserts that it provided Plaintiff with training appropriate for an apprentice with an electrical specialty in the E&I unit, while Gonzalez and Duffy were offered different training because they were instrumentation technicians. See Motion for Summary Judgment, at 15. Plaintiff has offered the testimony of his supervisor, Jacob Scutzlas, human resources manager Suzanne Phillips, and his co-apprentice Paul Duffy, confirming that all apprentices were entitled to the same training. See Scutzlas Dep. at 15, 27; Phillips Dep., at 10-11.

The evidence offered by Plaintiff, including the testimony of his supervisor and the human resources manager, creates a genuine issue of material fact as to whether he was deprived of training, and is therefore sufficient to preclude summary judgment under the McDonnell Douglas burden shifting framework. See Fontaine v. Central Square Condominiums, Inc., 2001 WL 34355639, at *6 (E.D. Pa. Dec. 28, 2001). Accordingly, Defendant's Motion will be denied with respect to the failure to train claim.

**IV.**     **Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted with respect to the denial of overtime claim, and denied with respect to the failure to train claim. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOTT ANTHONY MARSH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-CV-2856 |
| | : | |
| **SUNOCO, INC.** | : | |

**ORDER**

**AND NOW**, this   24TH   day of July, 2008, upon consideration of Defendant's Motion for Summary Judgment (docket no. 12) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.  It is **FURTHER ORDERED** that Plaintiff's claim for denial of overtime is **DISMISSED**.

                                              **BY THE COURT:**


                                              **/s/ Bruce W. Kauffman**
                                              **BRUCE W. KAUFFMAN, J.**